Manuel Sotelo MARMOLEJO,
Appellant,

v.

The STATE of Texas, Appellee.

No. 08–86–00285–CR.

Court of Appeals of Texas,
El Paso.

Sept. 16, 1987.

Tony Chavez, Robert V. Garcia, Jr., Cha-
vez & Garcia, Odessa, for appellant.

Al W. Schorre, Jr., Dist. Atty., Randall
Fluke, Asst. Dist. Atty., Midland, for appel-
lee.

Before OSBORN, C.J., and FULLER
and WOODARD, JJ.

## OPINION

FULLER, Justice.

Appellant's motion to suppress was over-
ruled and he then entered a nolo conten-
dere plea pursuant to a plea bargain. Ap-
pellant received a fifteen-year prison sen-
tence with the understanding and agree-
ment of the State, as well as the trial court,
that he retain the right to appeal the con-
tentions raised in his pretrial motion to
suppress. We find no error in the trial
court's overruling the motion to suppress,
and therefore affirm the judgment of con-
viction.

The sheriff's office of Midland County
received an informant's tip that Appellant
and his wife were cruising South and East
Midland, selling heroin. Fearing that the
heroin would be sold before a warrant
could be obtained, the officers began cruis-
ing the area, searching for Appellant and
his wife. The officers spotted Appellant's
vehicle, pulled it over, approached on foot
and observed Appellant swallowing what
appeared to be a yellow balloon. Balloons
were observed on the front seat between
the Appellant and his wife. Appellant and
his wife were arrested and taken to the
sheriff's office where an evidentiary war-
rant was prepared. They were then trans-
ported to the hospital where the warrants
were shown to the attending physician.
Appellant was x-rayed and returned to an
examination room where an emetic was
administered by means of an esophageal
tube. The Appellant refused to cooperate
and had to be physically restrained. Appel-
lant, after the admission of the emetic,

regurgitated and a balloon was recovered that contained heroin and cocaine.

Appellant filed a motion to suppress which raised the question of probable cause for the issuance of the body search warrant and questioned the warrantless stop and arrest by the officers. On this appeal of the motion to suppress, Appellant has expanded on his written motion to suppress by now questioning the reasonableness of the search warrant and execution thereof, and alleging that the search warrant was too vague and therefore constituted a general warrant. We find however that the expanded matters were covered by Appellant during the hearing on the motion to suppress and therefore should be addressed by this Court.

Specifically, Appellant's Points of Error Nos. One and Two assert that the search warrant and execution were unreasonable and that the search warrant was too vague and therefore amounted to a general warrant.

In *Winston v. Lee*, 470 U.S. 753, 105 S.Ct. 1611, 84 L.Ed.2d 662 (1985), the Court discussing *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), and the Fourth Amendment, wherein it said that the amendment neither forbids nor permits all such intrusions; rather, the amendment's "proper function is to constrain, not against all intrusions as such, but against intrusions which are not justified in the circumstances, or which are made in an improper manner." The Court went on to state the factors that should be considered in determining the reasonableness of a body search and seizure:

1. There must be a probable cause and a search warrant, absent exigent circumstances;

2. The extent to which the procedure may threaten the safety or health of the individual;

3. All reasonable medical precautions were taken and no unusual or untested procedures were employed;

4. The procedure was performed by a physician in a hospital according to accepted medical practices;

5. The search may be unjustifiable if it endangers the life or health of the suspect; and

6. The extent of the intrusion upon the individual's dignitary interests and personal privacy, and bodily integrity.

The case further stated that the above factors should be balanced against the community's interest in fairly and accurately determining guilt or innocence. The Fifth Circuit has held that administering emetics to cause vomiting in order to recover narcotics is not unreasonable search of the person. *Lane v. United States*, 321 F.2d 573 (5th Cir.1963).

■ The tubes that were used to administer the emetic were applied only because the Appellant refused to voluntarily swallow the substance. We therefore find that the body search of the Appellant was reasonable under the circumstances.

■ Appellant's assertion that the search warrant was not specific enough and therefore constituted a general warrant is also without merit. The warrant authorized a search into the body of defendant and also provided that it was to be conducted by and/or at the direction and supervision of a medical doctor licensed to practice medicine in the State of Texas. It further provided that the procedure was to be conducted according to accepted medical procedures. The property to be seized was described in the affidavit as "object or objects" thought to be heroin, placed in Appellant's mouth and swallowed. The warrant tracks the requirements as set forth in Article 18.04, Tex.Code Crim.Pro.Ann. (Vernon 1977), as to the contents of a warrant. Points of Error Nos. One and Two are overruled. We find no error in the trial court's overruling of Appellant's motion to suppress, and therefore affirm the judgment of conviction.